UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACINDA DORIAN, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | CLASS ACTION COMPLAINT |
| *v.* | JURY DEMAND |
| AMAZON WEB SERVICES, INC., a Delaware corporation, | |
| *Defendant*. | |

Plaintiff Jacinda Dorian brings this Class Action Complaint and Demand for Jury Trial against Defendant Amazon Web Services, Inc. ("AWS") to put a stop to its surreptitious collection, use, and storage of Plaintiff's and the proposed Class's biometric data. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief.

**NATURE OF THE ACTION**

1.      Amazon.com, Inc. ("Amazon.com") is the world's largest online retailer and one of the largest providers of cloud computing services, called Amazon Web Services ("AWS").

2.      According to Amazon.com, AWS is the world's most comprehensive and broadly adopted cloud platform, offering its customers over 200 cloud-based services from data centers globally. Millions of customers—from startups to the largest enterprises—use AWS every day.

3.      One of AWS's services is a facial recognition program called Amazon

CLASS ACTION COMPLAINT
Case No.

- 1 -

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1   Rekognition. Rekognition uses machine vision and algorithmic classification techniques to map

2   human facial geometry and analyze the resulting data to, for example, check whether two

3   photographs depict the same individual.

4       4.      Thousands of organizations use Amazon Rekognition to identify individuals using

5   face recognition. In such circumstances, individuals' facial geometry is extracted by AWS and is

6   stored not only by its customers on the cloud, but also by AWS on AWS's own servers.

7       5.      However, because Rekognition is a behind-the-scenes service for businesses,

8   consumers are largely unaware that when they use their favorite mobile app or online service to

9   verify their identities, AWS is actually collecting and storing their biometric data.

10      6.      Through these practices, AWS not only disregards individuals' privacy rights; it

11  also violates the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), which

12  was specifically designed to protect Illinois residents from practices like Amazon's.

13      7.      Accordingly, this Complaint seeks an order (i) declaring that AWS's conduct

14  violates the BIPA; (ii) requiring AWS to cease the unlawful activities discussed herein; and

15  (iii) awarding statutory damages to Plaintiff and the proposed Class (defined below).

16                                          **PARTIES**

17      8.      Plaintiff Jacinda Dorian is a citizen and resident of the State of Illinois and has an

18  intent to remain there, and is therefore a domiciliary of Illinois.

19      9.      Defendant Amazon Web Services, Inc. is a Delaware corporation with its

20  headquarters in Seattle, Washington. Amazon Web Services, Inc. is a subsidiary of

21  Amazon.com, Inc. (Amazon Web Services, Inc. and Amazon.com, Inc. are collectively referred

22  to as "Amazon," unless otherwise specified).

23                                  **JURISDICTION AND VENUE**

24      10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) because

25  (a) at least one member of the Class is a citizen of a state different from Defendant, (b) the

26  amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (c) none of the

27  exceptions under that subsection apply to this action.

CLASS ACTION COMPLAINT
Case No.

- 2 -

1         11.     The Court has personal jurisdiction over Defendant because Defendant is licensed

2   to conduct business in this District and maintains its headquarters and principal place of business

3   in this District.

4         12.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is

5   licensed to conduct business in this District and its headquarters and principal place of business

6   are maintained in this District.

7   **FACTUAL ALLEGATIONS**

8   **I.      The Use of Biometrics and Consumer Privacy.**

9         13.     "Biometrics" refer to technologies used to identify an individual based on unique

10  physical characteristics. Common biometric identifiers include retina or iris scans, fingerprints,

11  voiceprints, or hand or face geometry scans.

12        14.     One of the most prevalent uses of biometrics is facial recognition technology,

13  which works by scanning an image for human faces, extracting facial feature data from a

14  photograph or image of a human face, generating a "faceprint" from the image through the use of

15  facial recognition algorithms, and then comparing the resultant faceprint to other faceprints

16  stored in a faceprint database. If a database match is found, a person may be identified.

17        15.     Unlike other identifiers such as Social Security or credit card numbers, which can

18  be changed if compromised or stolen, biometric identifiers linked to a specific voice or face

19  cannot. These unique and permanent biometric identifiers, once exposed, leave victims with no

20  means to prevent identity theft and unauthorized tracking. *See also* 740 ILCS 14/5(c).

21  **II.     Illinois's Biometric Information Privacy Act.**

22        16.     Recognizing the "very serious need [for] protections for the citizens of Illinois

23  when it [came to their] biometric information," the Illinois Legislature enacted BIPA in 2008.

24  *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

25        17.     The BIPA is an informed consent statute which achieves its goal by making it

26  unlawful for a company to, among other things, "collect, capture, purchase, receive through

27  trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric

CLASS ACTION COMPLAINT
Case No.

- 3 -

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

information, unless it first:

>   (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;

>   (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

>   (3) receives a written release executed by the subject of the biometric identifier or biometric information."

740 ILCS 14/15(b).

18.     The BIPA also establishes standards for how companies must handle Illinois consumers' biometric identifiers and biometric information. *See*, *e.g.*, 740 ILCS 14/15(a), (c)–(d). For instance, the BIPA requires companies to develop and comply with a written policy—made available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

19.     The BIPA also prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information to third parties without first obtaining consent for that disclosure, 740 ILCS 14/15(d)(1), and further prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information, 740 ILCS 14/15(c).

20.     "Biometric identifiers" include retina and iris scans, voiceprints, scans of hand and fingerprints, and—most importantly here—face geometry. *See* 740 ILCS 14/10. "Biometric information" is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *See id.*

21.     The BIPA's narrowly tailored provisions place no absolute bar on the collection, sending, transmitting, or storing of biometric data. For example, the BIPA does not limit what kinds of biometric data may be collected, sent, transmitted, or stored. Nor does the BIPA limit to whom biometric data may be sent or transmitted, or by whom it may be stored. The BIPA simply

CLASS ACTION COMPLAINT
Case No.

- 4 -

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1  mandates that entities wishing to engage in that conduct must make proper disclosures,

2  implement certain reasonable safeguards, and procure a user's consent before collecting

3  biometric data.

4  **III.    AWS Violates the BIPA.**

5  22.    Despite the BIPA being in force for over a decade, AWS operates a major

6  biometric-based facial recognition platform in violation of the BIPA's simple requirements.

7  23.    Amazon Rekognition is a cloud-based service that, according to Amazon, makes

8  it easy for its customers—from startups to leading corporations—to add image and video

9  analysis, all performed by AWS through its Rekognition platform, to their applications, products,

10  and services. To use its service, an AWS customer just needs to provide AWS an image or video,

11  and then Rekognition can identify objects, people, text, scenes, and activities within the images

12  or video. Amazon even boasts that Rekognition provides facial analysis, face comparison, and

13  face search capabilities, including detecting, analyzing, and comparing faces for a wide variety

14  of use cases, including user verification, cataloging, and people counting. *See* Figures 1 and 2

15  below, showing screenshots from Amazon's AWS marketing materials.



(**Figure 1.**)

CLASS ACTION COMPLAINT
Case No.
- 5 -
CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396



# Detecting and analyzing faces

PDF | RSS

Amazon Rekognition can detect faces in images and videos. This section covers non-storage operations for analyzing faces. With Amazon Rekognition, you can get information about where faces are detected in an image or video, facial landmarks such as the position of eyes, and detected emotions (for example, appearing happy or sad). You can also compare a face in an image with faces detected in another image.

When you provide an image that contains a face, Amazon Rekognition detects the face in the image, analyzes the facial attributes of the face, and then returns a percent confidence score for the face and the facial attributes that are detected in the image.

(**Figure 2.**)

24.     Using Amazon Rekognition to perform facial recognition is simple. Anyone seeking to perform facial recognition using Rekognition will first need to sign up for an AWS account. *See* Figure 3, showing a screenshot of Amazon's AWS website.

CLASS ACTION COMPLAINT
Case No.

- 6 -

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396



(**Figure 3.**)

25.     An AWS customer could then register for and use Rekognition. *See* Figure 4, showing a screenshot of the Rekognition homepage.



(**Figure 4.**)

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1      26.    After getting "started" with an Amazon Rekognition account, an AWS customer

2  will need to install and configure AWS's Command Line Interface ("CLI") and Software

3  Development Kit ("SDK"), which are programming toolkits that allow customers to manage and

4  use their AWS services.

5      27.    Once the AWS CLI and SDKs are set up and configured, an AWS customer can

6  start interacting with and using Rekognition.

7      28.    To start, a typical AWS customer will configure their applications or services to

8  upload images to AWS's cloud-based storage solution, called "S3" or "S3 buckets" (a "bucket"

9  typically refers to a discrete instance of an S3 cloud storage container).

10      29.    Next, the AWS customer would run a command within the Amazon API (or

11  Application Programming Interface) interface called "index-faces" on the images it wishes to

12  compare. This command instructs Rekognition to detect and scan faces in images. Rekognition

13  then accesses the relevant images and uses its machine vision algorithms to extract the facial

14  geometry of the individuals pictured into a feature vector. These feature vectors include precise

15  coordinates describing essential facial landmarks such as the nose, corners of the mouth, eyes,

16  chin, pupils, and jawline, among others.

17      30.    The feature vectors of facial geometry, as well as higher-order details such as

18  whether a person is smiling, sad, or disgusted, or is wearing eyeglasses or sunglasses, are then

19  stored in an AWS backend database called a Rekognition "collection." *See* Figure 5 below,

20  showing a screenshot of the Rekognition CLI listing a stored face from a "collection."

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT
Case No.
- 8 -

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1
2
3
4
5
6
7
8

```
"Faces": [
    {
        "FaceId": "30c8f848-cf8a-46b6-8a69-f135e35f0e91",
        "BoundingBox": {
            "Width": 0.5080749988555908,
            "Height": 0.4542959928512573,
            "Left": 0.24040700495243073,
            "Top": 0.22210200130939484
        },
        "ImageId": "74947044-80e8-36e5-9138-55ac21c5c2a2",
        "ExternalImageId": "Shawn",
        "Confidence": 99.99500274658203
    }
],
"FaceModelVersion": "5.0"
}
```

9

(**Figure 5.**)

10
11
12
13
14
15
16

31.     Finally, the AWS customer would then use Rekognition to run a face matching API command. For example, the customer could take the unique "FaceId" that index-faces assigned to a photo of a government identification card and search a collection to see if a matching self-portrait exists. If a match is found, the unique ID of that image is returned along with some data about the face, as well as a "Similarity" score, which is a confidence measurement to indicate how strongly Rekognition believes these faces match. *See* Figure 6, showing a screenshot of the Rekognition CLI.

17
18
19
20
21
22
23
24
25

```
{
    "SearchedFaceId": "30c8f848-cf8a-46b6-8a69-f135e35f0e91",
    "FaceMatches": [
        {
            "Similarity": 99.99944305419922,
            "Face": {
                "FaceId": "5da9b088-5109-49d7-be85-001d2610417c",
                "BoundingBox": {
                    "Width": 0.18031999468803406,
                    "Height": 0.2648650109767914,
                    "Left": 0.27408599853515625,
                    "Top": 0.12426400184631348
                },
                "ImageId": "01fc3c24-dbde-3538-acee-2df042ca10a3",
                "ExternalImageId": "Shawn2",
                "Confidence": 99.99250030517578
            }
        }
    ],
    "FaceModelVersion": "5.0"
}
```

26

(**Figure 6.**)

27

CLASS ACTION COMPLAINT
Case No.

- 9 -

1      32.     All of this time, the AWS customer would be communicating with AWS's

2   servers, where this information is stored and processed.

3      33.     One such company that uses Rekognition is ProctorU Inc., which develops and

4   licenses online test proctoring software for use by students and educational facilities.

5      34.     When a student takes a test using ProctorU's proctoring software, ProctorU

6   requires students to show their faces and their photo IDs on camera to help verify their identities.

7   *See* Figure 7, showing a screenshot of ProctorU's software.



(**Figure 7.**)

35.     Unbeknownst to students in this example, when they upload their images to

ProctorU, they are also uploading their photos to ProctorU's cloud-service provider, AWS. AWS

then uses Rekognition to perform facial recognition on the student's face and provided

identification card to identify the student. In other words, when students sign in to ProctorU to

take a test, their biometric data is also collected by AWS in order to identify the student for

ProctorU.

CLASS ACTION COMPLAINT
Case No.

- 10 -

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

36. By and through the actions detailed above, AWS not only disregards consumers' privacy rights, but it also violates their statutorily protected rights to control the collection, use, and storage of their sensitive biometric data.

**IV.     Plaintiff Dorian's Experience.**

37. In 2020, Plaintiff Jacinda Dorian was a student at Columbia College and Harold Washington College, both located in Chicago, Illinois.

38. Plaintiff Dorian took multiple tests at both institutions between 2017 and 2019, each requiring the use of ProctorU's software.

39. During that time, Plaintiff Dorian was required to submit her image as well as an image of a valid identification document in order to be identified.

40. Unbeknownst to Dorian, ProctorU used Amazon Rekognition to perform facial recognition on her.

41. At no time did Plaintiff Dorian receive notice from AWS, whether through ProctorU or otherwise, that AWS was collecting, storing, and using her biometric data.

42. At no time was Plaintiff Dorian asked for, nor at any time did she provide consent for AWS to collect, store, or use her biometric data.

43. Upon information and belief, at no time while possessing Plaintiff Dorain's biometric data did Amazon maintain a publicly-available retention and deletion schedule for biometric data.

## CLASS ALLEGATIONS

44. **Class Definition**: Plaintiff Dorian brings this on behalf of herself and a class defined as follows:

> All Illinois residents who had their biometric information or biometric identifiers collected, captured, received, possessed, or otherwise obtained by Amazon's Rekognition service and stored in AWS's servers.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling

CLASS ACTION COMPLAINT
Case No.
- 11 -
**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1    interest and its current or former employees, officers and directors; (3) persons who properly

2    execute and file a timely request for exclusion from the Class; (4) persons whose claims in this

3    matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel

4    and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such

5    excluded persons.

6        45.    **Numerosity**: On information and belief, tens of thousands of consumers fall into

7    the definition of the Class. Members of the Class can be identified through Defendant's records,

8    discovery, and other third-party sources.

9        46.    **Commonality and Predominance**: There are many questions of law and fact

10   common to Plaintiff's and the Class's claims, and those questions predominate over any

11   questions that may affect individual members of the Class. Common questions for the Class

12   include, but are not necessarily limited to the following:

   a)   whether Defendant collected, captured, or otherwise obtained Plaintiff's and
        the Class's biometric identifiers or biometric information;

   b)   whether Defendant properly informed Plaintiff and the Class of its purposes
        for collecting, using, and storing their biometric identifiers or biometric
        information;

   c)   whether Defendant obtained a written release (as defined in 740 ILCS 14/10)
        to collect, use, and store Plaintiff's and the Class's biometric identifiers or
        biometric information;

   d)   whether Defendant has sold, leased, traded, or otherwise profited from
        Plaintiff's and the Class's biometric identifiers or biometric information;

   e)   whether Defendant used Plaintiff's and the Class's faceprints or facial
        geometry to identify them; and

   f)   whether Defendant's violations of BIPA were committed intentionally,
        recklessly, or negligently.

        47.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the

Class in that Plaintiff and the members of the Class sustained damages arising out of Defendant's

wrongful conduct.

---

CLASS ACTION COMPLAINT
Case No.

- 12 -

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1    48.    **Adequate Representation**: Plaintiff will fairly and adequately represent and

2    protect the interests of the Class and has retained counsel competent and experienced in complex

3    litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and

4    Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to

5    vigorously prosecuting this action on behalf of the members of the Class and have the financial

6    resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other

7    members of the Class.

8    49.    **Policies Generally Applicable to the Class**: This class action is appropriate for

9    certification because Defendant has acted or refused to act on grounds generally applicable to the

10   Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible

11   standards of conduct toward the members of the Class and making final injunctive relief

12   appropriate with respect to the Class as a whole. Defendant's policies that Plaintiff challenges

13   apply and affect members of the Class uniformly, and Plaintiff's challenge of these policies

14   hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law

15   applicable only to Plaintiff. The factual and legal bases of Defendant's liability to Plaintiff and to

16   the other members of the Class are the same.

17   50.    **Superiority**: This case is also appropriate for certification because class

18   proceedings are superior to all other available methods for the fair and efficient adjudication of

19   this controversy. The harm suffered by the individual members of the Class is likely to have been

20   relatively small compared to the burden and expense of prosecuting individual actions to redress

21   Defendant's wrongful conduct. Absent a class action, it would be difficult if not impossible for

22   the individual members of the Class to obtain effective relief from Defendant. Even if members

23   of the Class themselves could sustain such individual litigation, it would not be preferable to a

24   class action because individual litigation would increase the delay and expense to all parties and

25   the Court and require duplicative consideration of the legal and factual issues presented. By

26   contrast, a class action presents far fewer management difficulties and provides the benefits of

27   single adjudication, economy of scale, and comprehensive supervision by a single Court.

CLASS ACTION COMPLAINT
Case No.

- 13 -

1  Economies of time, effort, and expense will be fostered and uniformity of decisions will be

2  ensured.

3       51.    Plaintiff reserves the right to revise the "Class Allegations" and "Class

4  Definition" based on facts learned through additional investigation and in discovery.

5                          **FIRST CAUSE OF ACTION**
                          **Violation of 740 ILCS 14/15(a)**
6                          **(On behalf of Plaintiff and the Class)**

7       52.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

8       53.    Section 15(a) of the BIPA requires that any "private entity in possession of

9  biometric identifiers . . . must develop a written policy, made available to the public, establishing

10  a retention schedule and guidelines for permanently destroying biometric identifiers . . . when the

11  initial purpose for collecting or obtaining such identifiers . . . has been satisfied or within 3 years

12  of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS

13  14/15(a).

14       54.    AWS fails to comply with these BIPA mandates.

15       55.    AWS is a corporation and thus qualifies as a "private entity" under the BIPA. *See*

16  740 ILCS 14/10.

17       56.    Plaintiff and the Class are individuals who had their "biometric identifiers"

18  collected by AWS (in the form of their facial scans), as explained in detail in Section III. *See* 740

19  ILCS 14/10.

20       57.    Plaintiff's and the Class's biometric identifiers or information based on those

21  biometric identifiers were used to identify them, constituting "biometric information" as defined

22  by BIPA. *See* 740 ILCS 14/10.

23       58.    On information and belief, AWS failed to publicly provide a retention schedule or

24  guideline for permanently destroying Plaintiff's and the Class's biometric identifiers and

25  biometric information, in violation of 740 ILCS 14/15(a).

26

27

59.     By collecting, storing, and possessing Plaintiff's and the Class's biometric identifiers and biometric information as described herein, AWS violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA, 740 ILCS 14/1, *et seq.*

60.     Accordingly, on behalf of herself and the Class, Plaintiff seeks: (i) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring AWS to establish and make publicly available a policy for the permanent destruction of biometric identifiers compliant with 740 ILCS 14/15(a); (ii) statutory damages of $5,000 per intentional and/or reckless violation of the BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1); and (iii) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### SECOND CAUSE OF ACTION
**Violation of 740 ILCS 14/15(b)**
**(On behalf of Plaintiff and the Class)**

61.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62.     The BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject ... in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…." 740 ILCS 14/15(b) (emphasis added).

63.     Unfortunately, AWS fails to comply with these BIPA mandates.

CLASS ACTION COMPLAINT
Case No.

- 15 -

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

64. AWS is a corporation and thus qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

65. Plaintiff and the Class are individuals who had their "biometric identifiers" collected by AWS (in the form of their facial scans), as explained in detail in Section III. *See* 740 ILCS 14/10.

66. Plaintiff's and the Class's biometric identifiers or information based on those biometric identifiers were used to identify them, constituting "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

67. AWS violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and biometric information.

68. AWS violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiff and the Class in writing that their biometric identifiers and biometric information were being collected and stored.

69. AWS violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was were being collected, stored, and used.

70. By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, AWS violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA, 740 ILCS 14/1, *et seq.*

71. On behalf of herself and the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) liquidated damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated

CLASS ACTION COMPLAINT
Case No.

- 16 -

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees, costs, and expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

Plaintiff Jacinda Dorian, individually and on behalf of all others similarly situated, respectfully requests that this Court enter an Order:

a) Certifying this case as a class action on behalf of the Class defined above, appointing Jacinda Dorian as representative of the Class, and appointing her counsel as class counsel;

b) Declaring that Defendant's conduct, as set out above, violates the BIPA;

c) Awarding statutory damages of $5,000 for *each* willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

d) Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring Defendant to comply with BIPA;

e) Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

f) Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

g) Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

CLASS ACTION COMPLAINT
Case No.

- 17 -

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1

Dated: March 7, 2022

Respectfully Submitted,

2

**JACINDA DORIAN**, individually and on behalf of all others similarly situated,

3

4

By:  /s/ Wright A. Noel

5

One of Plaintiff's Attorneys

6

Wright A. Noel
wright@carsonnoel.com

7

CARSON NOEL PLLC
20 Sixth Avenue NE

8

Issaquah, WA 98027
Tel:  425.837.4717

9

Fax: 425.837.5396

10

Jay Edelson*

11

jedelson@edelson.com
David I. Mindell*

12

dmindell@edelson.com
J. Eli Wade-Scott*

13

ewadescott@edelson.com
Schuyler Ufkes*

14

sufkes@edelson.com

15

EDELSON PC
350 North LaSalle Street, 14th Floor

16

Chicago, Illinois 60654
Tel: 312.589.6370

17

Fax: 312.589.6378

18

Philip L. Fraietta*

19

pfraietta@bursor.com
Alec M. Leslie*

20

aleslie@bursor.com
Max S. Roberts*

21

mroberts@bursor.com
BURSOR & FISHER, P.A.

22

888 Seventh Avenue

23

New York, New York 10019
Tel:  646.837.7150

24

Fax: 212.989.9163

25

26

27

CLASS ACTION COMPLAINT
Case No.

- 18 -

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1

2

Christopher R. Reilly*
creilly@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Avenue, Suite 1420
Miami, Florida 33131
Tel: 305.330.5512
Fax: 305.679.9006

3

4

5

6

7

8

9

Randall K. Pulliam*
rpulliam@cbplaw.com
CARNEY BATES AND PULLIAM, PLLC
519 West 7th Street
Little Rock, Arkansas 72201
Tel: 501.312.8500
Fax: 501.312.8505

10

*Pro hac vice admission to be sought.

11

*Attorneys for Plaintiff and the Putative Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT
Case No.

- 19 -

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396