UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACINDA DORIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>Defendant. | CASE NO. 2:22-cv-00269<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY |

# I.

## INTRODUCTION

This matter comes before the Court on Defendant Amazon Web Services Inc.'s ("AWS") Motion to Stay Discovery. Dkt # 29. Plaintiff Jacinda Dorian opposes the motion. *See* Dkt. # 31. Having reviewed the filings in support of and in opposition to the motion, the file herein, and the applicable law, the Court DENIES the motion.

## II.

### BACKGROUND

Plaintiff Jacinda Dorian is an Illinois resident who took multiple remote tests while attending two colleges in Illinois. Dkt. # 1 at ¶¶ 37–38. Both colleges used a proctoring software developed by ProctorU, Inc. to administer the tests. *Id.* at ¶ 38. The ProctorU software required Plaintiff to submit her image as well as an image of a valid identification document. *Id* at ¶ 39. ProctorU then used AWS's facial recognition program Rekognition to analyze and compare Plaintiff's images to verify her identity. *Id* at ¶ 40. Plaintiff alleges that AWS violated section 15(a) and 15(b) of the Illinois Biometric Information Privacy Act ("BIPA") by possessing her biometric data without publishing a "publicly-available retention and deletion schedule," and collecting the same data without providing adequate notice and obtaining her consent. *Id.* at ¶¶ 41–43. Plaintiff asserts claims on behalf of herself and a putative class defined as "[a]ll Illinois residents who had their biometric information or biometric identifiers collected, captured, received, possessed, or otherwise obtained by Amazon's Rekognition service and stored in AWS's servers." *Id.* at ¶ 44.

Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike Class Allegations under Rule 12(f) on May 16, 2022. Dkt. # 21. Plaintiff responded to the motion on July 6, 2022. Dkt. # 27. Defendant then filed a Motion to Stay Discovery on July 12, 2022. Dkt. # 29.

## III.

### ANALYSIS

AWS seeks a stay of discovery until after this Court rules on its motion to dismiss (Dkt. # 21) and/or until the Northern District of Alabama resolves *Thakkar v. ProctorU, Inc.* No. 2:21-cv-01565-NAD (N. D. Ala.), a case it argues "overlaps substantially" with this case. Dkt. # 29.

In the alternative, it requests that the Court stay discovery until after discovery is complete in *Thakkar* or until after the *Thakkar* court rules on ProctorU's motion to dismiss. *Id.* For the reasons below, the Court declines to exercise its discretion to grant a stay of discovery on either of these bases.

    A. The Court Declines to Stay Discovery Based on Defendant's Pending Motion to Dismiss.

District courts have broad discretion to stay discovery pending resolution of potentially dispositive motions. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). However, "[a] pending motion to dismiss is generally not grounds for staying discovery." *See Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 8996835, at *1 (W.D. Wash. Mar. 6, 2020); *see also Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed[eral] R[ule of] Civ[il] P[rocedure] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."). In deciding whether to impose a stay pending disposition of a motion, courts consider (1) whether the pending motion would dispose of the entire case, and (2) "whether the pending motion can be decided without additional discovery." *See Roberts v. Khounphixay*, No. C18-0746-MJP-BAT, 2018 WL 5013780, at *1 (W.D. Wash. Oct. 16, 2018) (*citing Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013)). "In applying this test, courts take a preliminary peek at the merits of the dispositive motion to assess whether a stay is warranted." *Id.*; *see also Zeiger v. Hotel California by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022). "The 'preliminary peek,' however, is not intended to prejudge the outcome of the motion." *Id.*

The Court cannot say—after taking a "preliminary peek"—that a stay is warranted in this case. First, in such a situation, courts in this jurisdiction typically stay discovery only when the dispositive motion in question raises preliminary "threshold" issues that may preclude a court

ORDER DENYING DEFENDANT'S
MOTION TO STAY DISCOVERY - 3

from reaching the merits of a claim. *See, e.g., Jeter v. President of the United States*, 670 F.App'x 493, 494 (9th Cir. 2016) (jurisdiction); *Little*, 863 F.2d at 685 (immunity of a defendant); *Zeiger*, 2022 WL 1499670, at *2 (enforceability of an arbitration clause); *Ahern Rentals Inc. v. Mendenhall*, No. C20-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020) (venue). AWS's motion to dismiss (Dkt. # 21)—which includes arguments regarding the scope of BIPA as it relates to "back-end service providers," the legal definitions of several terms of the Act such as "collect" and "possess," and the applicability of the Illinois extraterritoriality doctrine and the Constitution's Dormant Commerce Clause—does not present such threshold issues. *See generally* Dkt. # 21.

Further, several of Plaintiff's arguments, as well as AWS's defenses, appear to require fact-based analyses that discovery would inform. *C.f. Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (finding that the district court would have abused its discretion in staying discovery if the discovery was relevant to whether the court had subject matter jurisdiction). For example, the parties dispute whether Plaintiff's claims violate the extraterritoriality doctrine, which implicates the factual question of whether Defendant's alleged violations occurred primarily and substantially in Illinois. Dkt. # 21 at 21–23; Dkt # 27 at 14–19. Similarly, AWS's Dormant Commerce Clause argument also hinges on the location of the alleged violations. Dkt. # 21 at 24; Dkt. # 27 at 19–20. Additional information regarding the methods and technology AWS uses in its Rekognition software would inform both these questions. Accordingly, the Court cannot say at this point that "the pending motion can be decided without additional discovery." *See Roberts*, 2018 WL 5013780, at *1.

Lastly, the Court is not convinced that Defendant's Motion to Dismiss will prevail and, accordingly, dispose of the case. The Court notes that numerous actions have been filed in this district and others challenging the collection of biometric information under BIPA, and the

defendants in those cases made similar arguments at the motion to dismiss phase that were rejected by the court. *See, e.g., Vance v. Amazon.com, Inc.,* 525 F.Supp.3d 1301 (W.D. Wash. Mar. 15, 2021) (rejecting defendant's arguments regarding extraterritoriality, the Dormant Commerce Clause, and the definition of "collect" under § 15(b) at the motion to dismiss phase, and explaining that dismissal without more information regarding how the defendant obtained, stored, or used biometric data would be inappropriate); *Vance v. Microsoft Corp.*, 525 F.Supp.3d 1287, 1294 (W.D. Wash. 2021) (same); *see also Monroy v. Shutterfly, Inc.*, No. 16 C 10984, 2017 WL 4099846, at *6 (N.D. Ill. Sept. 15, 2017); *Vance v. Int'l Bus. Machines Corp.*, No. 20 C 577, 2020 WL 5530134, at *6 (N.D. Ill. Sept. 15, 2020). Although the Court's preliminary look is not intended to prejudice the outcome of the motion, the actions of other federal district courts in similar actions at the motion to dismiss phase are instructive. Accordingly, the Court declines to exercise its discretion to stay discovery based on AWS's pending motion to dismiss.[1]

B. The Court Declines to Stay Discovery Based on *Thakkar.*

Although district courts have discretionary power to stay proceedings pending the outcome of parallel proceedings in another district court under *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* at 255.[2] In determining whether such a stay is appropriate, "the competing interests which will be

---

[1] The Court notes that AWS includes a Motion to Strike Class Allegations Under Rule 12(f) along with their motion to dismiss. Dkt # 21 at 28. The request to strike the class allegations appears premature at this stage of the proceedings. Generally, the Court reviews class allegations through a motion for class certification. *See Hoffman v. Hearing Help Express, Inc.*, No. 3:19-CV-05960-RBL, 2020 WL 4729176, at *2 (W.D. Wash. Mar. 27, 2020). Further, the shape and form of a class action typically evolves through the process of discovery. *Id.*

[2] The *Landis* line of cases typically applies to stays of proceedings, and here Defendant seeks a stay of discovery. However, the practical effect of staying discovery—a potential delay in litigation—is similar to the effect of staying proceedings and thus the logic of these cases applies.

ORDER DENYING DEFENDANT'S
MOTION TO STAY DISCOVERY - 5

affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

The Court finds that the *Lockyer* factors weigh in favor of denying Defendant's motion. With respect to the first factor, the Court notes that Plaintiff seeks injunctive and equitable relief as necessary to protect their interests and the interests of the putative class. Dkt. # 1 at 15–17. Thus, there is a fair possibility that a delay in litigation will cause them harm. *See Lockyer*, 398 F.3d at 1112 (distinguishing between lawsuits that allege only damages and those that allege continuing harm and seek injunctive or declaratory relief, finding that the latter present a clearer possibility of harm in the event of a stay). With respect to the second factor, Defendant has not explained why they would be prejudiced if this Court denies their motion to stay, beyond general references to the financial burden of participating in discovery in this case while simultaneously participating in discovery in *Thakkar* as a non-party. However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. Further, if there are indeed similar discovery requests in *Thakkar* and this case, AWS and ProctorU may share information or subpoena each other to minimize duplicative work. Lastly, Defendant does not convincingly argue that the proceedings in *Thakkar* will narrow or clarify the questions at issue in this action. While the *Thakkar* case may be factually related, it involves different parties, a narrower class, and only somewhat overlapping legal issues at this stage in the litigation. *See generally* Dkt. ## 30–1, 30–2, 30–3. Indeed, much of AWS's motion to dismiss relies on the argument that it provided only "behind-

ORDER DENYING DEFENDANT'S
MOTION TO STAY DISCOVERY - 6

the-scenes" cloud services to ProctorU, and that ProctorU was the party that "possessed" or "collected" Plaintiff's data within the meaning of BIPA. *See* Dkt. # 21 at 6–21. These statements cut against their argument that the cases substantially overlap, since clearly this case implicates a distinct theory of liability from *Thakkar*. Thus, the Court is not convinced that staying discovery pending a resolution in *Thakkar* would advance the "orderly course of justice" by "simplifying . . . issues, proof, and questions of law." *Lockyer*, 398 F.3d at 1110.

## IV.

### CONCLUSION

For the reasons above, the Court DENIES Defendant's Motion to Stay Discovery.

Dated this 8th day of August, 2022.

John H. Chun
United States District Judge