THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| AVELARDO RIVERA and YASMINE ROMERO, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>  v.<br>AMAZON WEB SERVICES, INC., a Delaware corporation,<br><br>                Defendant. | No. 2:22-CV-00269-JHC<br><br>AMAZON WEB SERVICES, INC.'S UNOPPOSED MOTION TO MAINTAIN UNDER SEAL EXHIBIT 13 FILED IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL<br><br>AND ORDER<br><br>NOTED ON MOTION CALENDAR: AUGUST 31, 2023 |

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

163622252.4

## I. INTRODUCTION

Pursuant to Civil Local Rule 5(g) and the parties' Stipulated Protective Order (Dkt. No. 55), Defendant Amazon Web Services, Inc. ("AWS") respectfully submits this Unopposed Motion to Maintain Under Seal portions of the rough Deposition Transcript of AWS's 30(b)(6) witness Sean Simmons ("Simmons Transcript"), which was submitted as Exhibit 13 (Dkt. 83-13) in support of Plaintiffs Motion to Compel Responses to First Set of Interrogatories and Requests for Production and Certain 30(b)(6) Testimony ("Motion to Compel"). *See* Dkt. 83.

The Simmons Transcript contains information AWS has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Dkt. 55. Specifically, these documents contain (1) information about how AWS's proprietary machine learning models underlying its Rekognition service are trained and operate, (2) information about the architecture and processes underlying AWS's Rekognition service, and (3) the identity and number of AWS Rekognition customers. These categories of information are confidential, proprietary, and sensitive business information that, if disclosed to the public, would cause severe competitive and other harm to AWS's Rekognition business.

Given that the Simmons deposition occurred only 6 days before Plaintiffs' filed their Motion to Compel, AWS had not yet provided confidentiality designations for the transcript. Accordingly, the parties previously stipulated to and the Court ordered that the entire Exhibit 13 in support of Plaintiffs' Motion to Compel be sealed, subject to AWS reviewing the transcript and making appropriate designations. *See* Dkt. 87. AWS has made the relevant confidentiality designations, and it is filing excerpts of the Simmons Transcript (including those submitted as Exhibit 13 with Plaintiffs' Motion to Compel) with its Opposition to Plaintiffs' Motion to Compel. *See* Declaration of Nicola Menaldo in Support of AWS's Opposition to Plaintiffs' Motion to Compel, Ex. H. Defendant is filing concurrently with this motion a separate sealing motion addressing the exhibits supporting AWS's Opposition.

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

163622252.4

AWS does not oppose the Court lifting the redactions Plaintiffs previously applied to their Motion to Compel brief. *See* Dkt. 83.

The parties have conferred, and Plaintiffs do not object to the sealing of the unredacted Simmons Transcript that Plaintiffs filed as Exhibit 13 to their Motion to Compel. (Dkt. 83-13.) If this motion is granted, Plaintiffs will publicly file the relevant portions of the Simmons Transcript with redactions the parties have agreed to.

## II.    CERTIFICATION PURSUANT TO LOCAL RULE 5(g)(3)(A)

Pursuant to Local Civil Rule 5(g)(3)(A), counsel for AWS, Nicola Menaldo and Mylan Traylor, met and conferred with counsel for Plaintiffs, Schuyler Ufkes, via Zoom on August 30, 2023, regarding the need to file the above-referenced documents under seal, ways to minimize the content to be filed under seal, and other alternatives to filing under seal.

## III.    BACKGROUND AND SEALED MATERIALS

This case involves claims under the Illinois Biometric Information Privacy Act ("BIPA") in connection with AWS's Rekognition technology. *See* Dkt. No. 44. Recognizing that confidential and commercially sensitive information would likely be at issue in this case, the parties submitted an agreed Protective Order, which permits the parties to designate certain documents, testimony, and other discovery materials as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only," and the Court entered it. Dkt. 55. The Protective Order provides that documents marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed, with the exception of disclosure to a limited group of individuals. *Id.* at ¶ 5.

AWS seeks to seal portions of the Simmons Transcript that reveal three categories of proprietary and sensitive information. **First**, AWS seeks to seal portions of the Simmons Transcript that disclose highly sensitive information about its machine learning models underlying the Rekognition service. This includes proprietary information about how the Rekognition models are trained and operate. The machine learning models underlying the

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

163622252.4

Rekognition service are an integral component of the Rekognition service, including operations known as CompareFaces and IndexFaces. *See* Declaration of Sean Flynn ("Flynn Decl.") ¶ 4. AWS takes various steps to keep the details of its machine learning models secret, and disclosure of such information would cause AWS significant competitive harm, as it could potentially allow competitors to replicate AWS's models or improve their own machine learning models. *See id*.

**Second**, AWS seeks to seal portions the Simmons Transcript that disclose information about the architecture and processes underlying the Rekognition Service. Disclosure of this non-public information would reveal how the Rekognition service, including CompareFaces and IndexFaces, is structured and operates. Importantly, the details of at least one security measure are discussed in the relevant documents. Flynn Decl. ¶ 5. Disclosure of this information would cause AWS significant harm. Indeed, beyond the significant competitive harm associated with disclosure, these details could potentially be used by bad actors to initiate an attack on AWS's services. *Id*. For exactly these reasons, AWS keeps this information confidential. *Id*.

**Third**, AWS seeks to seal information regarding the identity of AWS Rekognition customers that used the CompareFaces service. While AWS publicly discloses the names of some of its customers, it does not disclose the names of all customers. Flynn Decl. ¶ 7. AWS keeps this information secret, and disclosing this information could cause competitive harm to AWS. *Id*.

## IV.   LEGAL STANDARD

Although "[t]here is a strong presumption of public access to the court's files," Local Civil Rule 5(g), that presumption may be overcome where, as here, the moving party has "compelling reasons" to seal the document appended to a dispositive motion, *In re Microsoft Xbox 360 Scratched Disc Litig.*, No. C07-1121-JCC, 2009 WL 481325, at *1 (W.D. Wash. Feb. 24, 2009); *Karpenski v. Am. Gen. Life Companies, LLC*, No. C12- 1569RSM, 2013 WL 3191878, at *5 (W.D. Wash. June 20, 2013) ("[A] party seeking to seal a judicial record attached

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

163622252.4

to a dispositive motion or presented at trial must articulate 'compelling reasons' in favor of sealing.").

Compelling reasons exist where "sealing is required to prevent judicial documents from being used as sources of business information that might harm a litigant's competitive standing." *Karpenski*, 2013 WL 3191878, at * 6 (internal quotations omitted); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, (1978)); *In re Microsoft XBox 360 Scratched Disc Litig.*, 2009 WL 481325, at *1 (finding "compelling reasons" to seal "confidential business information" because "these materials contain proprietary information that would cause Defendant competitive harm if disclosed"); *Saint Alphonsus Med. Ctr.–Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 1:12-CV-00560- BLW, 2014 WL 3101716, at *3 (D. Idaho July 3, 2014) (finding "compelling reasons" to seal "sensitive financial information that would be damaging if revealed.").

Sealing is particularly appropriate where sealed exhibits contain "confidential business information regarding . . . technical specifications and other attributes" that "would cause Defendant competitive harm if disclosed." *In re Microsoft XBox 360 Scratched Disc Litig.*, 2009 WL 481325, at *1. And sealing is also appropriate where documents reveal customer names and related information. *See, e.g., Silver Fern Chem., Inc. v. Lyons*, No. 2:23-CV-00775-TL, 2023 WL 4624477, at *2 (W.D. Wash. July 19, 2023) (permitting sealing of "customer identities and their associated needs and transactions"); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (permitting redaction of "specific customer names and the percentage of business" obtained from those customers); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing information about the Gmail system based on Google's

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

163622252.4

assertions that "hackers and spammers could use this information to circumvent Google's anti-virus and anti-spam mechanisms").

## V. ARGUMENT

Compelling reasons exist to maintain the confidential and proprietary information contained in the documents described above under seal. As referenced above, AWS does not publicly disclose the redacted information regarding its machine learning models, Rekognition architecture and processes, and customer identities. Indeed, AWS takes extensive measures to keep this information secret, which include limiting employee access to much of this information by technical controls.

Public disclosure of this information could cause significant harm to AWS in a variety of ways. The relevant technical information about AWS's machine learning models and Rekognition design and operation could, if disclosed, allow AWS competitors to gain insight into how AWS's proprietary models and API systems function, thus providing third parties with a competitive advantage in an extremely competitive industry. Flynn Decl. ¶ 4. And outside actors having access to information about Rekognition's structure could use that information to launch malicious attacks on AWS. *Id.* ¶ 6. Finally, allowing the public access to the identity of Rekognition customers and the number of customers that use certain services could "harm [AWS's] competitive standing." *Id.* ¶ 7; *Continental Auto. Sys., Inc. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (citation omitted); *see e.g.*, *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers").

AWS has sought to minimize the amount of material to be sealed in the Simmons Transcript, and less restrictive means are not available. Rather than moving to file the entire Simmons Transcript under seal, AWS seeks only to redact material that reflects proprietary and commercially sensitive information, which goes beyond what would aid the public in understanding the parties' positions and the judicial process. *See Coloplast A/S v. Generic Med.*

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

163622252.4

*Devices, Inc.*, No. 10-0227, 2012 WL 3629037, at *1–2 (W.D. Wash. Aug. 22, 2012) (granting a motion to seal a motion, provided that the party submit a version that redacts any portion referencing the confidential exhibits); *see generally Richardson v. Mylan, Inc.*, No. 09-CV-1041-JM (WVG), 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011) (finding sealable information of comparatively little value to the general public in terms of enhancing its understanding of the judicial process).  Furthermore, this information (including highly technical information about Rekognition and its machine learning models) provides little-to-no value in terms of aiding the public in understanding the parties' positions on the Motion to Compel and the judicial process in this case. No other public interest reasons justify disclosure of this information. For example, the information does not affect public health and safety and does not concern any public entities or officials. The confidential information concerns only business and technical information that would cause competitive harm to AWS if it was made public. Flynn Decl. ¶ 3.

Finally, in the parties' telephonic meet and confer regarding this Motion to Seal, counsel for Plaintiffs indicated that Plaintiffs do not oppose AWS's instant Motion to Seal.

### VI. CONCLUSION

For the foregoing reasons, AWS respectfully requests an order allowing it to maintain the Simmons Transcript (Dkt. 83-13) under seal, and Plaintiffs will publicly file the relevant portions of the Simmons Transcript with redactions the parties have agreed to.

Dated: August 31, 2023

By: */s/ Nicola C. Menaldo*
Nicola C. Menaldo, Bar No. 44459
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
NMenaldo@perkinscoie.com

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

163622252.4

## ORDER

Having reviewed the Defendant Amazon Web Services, Inc.'s Unopposed Motion to Maintain Under Seal Exhibit 13 Filed in Support of Plaintiffs' Motion to Compel, the Court GRANTS the Motion and ORDERS that within seven (7) days of this Order, Plaintiffs shall publicly file the relevant portions of the Simmons Transcript (Dkt. 83-13) with redactions the parties have agreed to.

**IT IS SO ORDERED.**

Dated: September 1, 2023

By: _____
Hon. John H. Chun
U.S. District Court Judge

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

163622252.4

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on August 31, 2023, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: August 31, 2023

*/s/ Nicola C. Menaldo*
Nicola C. Menaldo

CERTIFICATE OF SERVICE – 9
(No. 2:22-cv-00269-JHC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

163622252.4