1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AVELARDO RIVERA and YASMINE
ROMERO, individually and on behalf of all
others similarly situated,

               Plaintiffs,

     v.

AMAZON WEB SERVICES, INC.,

               Defendant.

CASE NO. 2:22-cv-00269

ORDER

      This matter comes before the Court on Plaintiffs' Motion to Compel Defendant's Responses to First Set of Interrogatories and Requests for Production and Certain Rule 30([b])(6) Testimony. Dkt. # 83. The Court has considered the submissions in support of and in opposition to the motion, pertinent portions of the record, and the case file. Being fully advised, the Court GRANTS the motion in part and DENIES it in part.

      Plaintiffs Avelardo Rivera and Yasmine Romero allege that Defendant Amazon Web Services collected and possessed their (and a putative class's) biometric information through their Rekognition product in violation of Illinois's Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). *See generally* Dkt. # 88. Discovery in this case closed on July 24, 2023. Dkt. # 67. The same day, Plaintiffs file the instant motion, urging the Court to compel Amazon

to produce several categories of withheld documents, to overrule their objections, and to extend discovery and the other scheduling order deadlines so that they may comply with the order.  Dkt. # 83.

### A.  Timeliness of Plaintiffs' motion

As an initial matter, the Court concludes that Plaintiffs' motion is timely.  As Defendant acknowledges, Plaintiffs' motion was "filed or served on or before the discovery deadline," in compliance with LCR 16(b)(3).  Further, the Local Rules require parties to first meet and confer regarding discovery "to resolve the dispute without court action."  LCR 37(a)(1).  The fact that the parties have engaged in meet and confers, taken depositions, and exchanged multiple emails in an effort to narrow the issues before requesting the Court's intervention indicates that they are not engaged in gamesmanship and are fulfilling their duty to seek relief diligently.

### B.  Amazon's Compliance with Rule 34

Based on the materials submitted, the Court is satisfied that Defendant has complied with Fed. R. Civ. P. 34 with respect to the issues raised.  The rule states, "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).  Further, an objection that "states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'"  8B Wright & Miller, Federal Practice & Procedure § 2213 (3d ed.); *see also* Baicker-McKee, Janssen, and Corr, Federal Civil Rules Handbook, Pt. III, Rule 34, 934–35 (2016 ed.) ("[I]f the response objects that the request is overly broad in terms of the time covered by the request, then states that the responding party will produce all responsive documents within the last five years, other parties will be on notice that the responding party has withheld documents more than five years old.").  Amazon has stated that it has produced all responsive

documents subject to their objections, which they have delineated in their responses to Plaintiffs' RFPs.  Therefore, the Court concludes that the company has complied with Rule 34.

### C.  Discovery regarding Amazon customers beyond ProctorU

Plaintiffs seek discovery regarding Amazon customers beyond ProctorU.  *See, e.g.,* Dkt. ## 83–4 at 16, 83–6 at 5.  Amazon objects.  Plaintiffs contend that this information is relevant to the question of class certification, as the scope of their class depends on whether Rekognition works in materially the same way for all customers.  *See* Dkt. # 83 at 9.  Amazon responds that it has already produced discovery "showing that each Rekognition function has standard commands that operate 'in materially the same way' regardless of which [Amazon] customer uses them." Dkt. # 95 at 11.  The Court concludes that this discovery topic is relevant to the class certification issue but will not order Amazon to produce its customer list or usage logs for non-ProctorU customers.  However, it will hold Amazon to its statement above and preclude it from claiming at the class certification stage that certain proposed class members are not similarly situated to Plaintiffs simply because they interacted with different customers.

### D.  Discovery regarding IndexFaces

Rekognition comprises at least two different functions, including CompareFaces and IndexFaces.  Plaintiffs seek discovery relating to both functions; Amazon objects on the ground that Plaintiffs encountered only CompareFaces. Dkt. ## 83 at 12, 83–6 at 7.  Amazon also did not prepare its Rule 30(b)(6) deponent to testify regarding IndexFaces.  *See* Dkt. # 83–12 at 14. The Court concludes that discovery relating to IndexFaces is relevant to the issue of class certification, because end users who interacted with IndexFaces could potentially have a legally identical claim to the named Plaintiffs.  *See, e.g., Cho v. Hyundai Motor Co.,Ltd.,* 636 F. Supp. 3d 1149, 1179–80 (C.D. Cal. 2022) (the prevailing view in the Ninth Circuit is that class action plaintiffs can bring claims for products they did not purchase as long as the products and claims

are substantially similar).  Therefore, the Court orders Amazon to provide for deposition a Rule 30(b)(6) witness on IndexFaces.  Alternatively, Plaintiffs have indicated that they would not object to Amazon re-designating its two Rule 30(b)(6) witnesses' testimony regarding IndexFaces as Amazon's corporate testimony (at the time of the filing of Plaintiffs' motion, Rule 30(b)(6) witness Sean Simmons had testified as to his personal knowledge of the functioning of IndexFaces, and Amazon's second 30(b)(6) witness had yet to testify).  Dkt. # 83 at 13.

### E.  Source Code

Plaintiffs have requested the Rekognition source code.  Dkt. # 83–14 at 10–20.  Amazon objects.  Plaintiffs say that the source code is discoverable because it is relevant to the question of whether CompareFaces and IndexFaces work in materially the same way each time they are run on an end user (and therefore relevant to the issue of class certification), and because analyzing the source code would enable Plaintiffs to "test" Amazon's merits argument that it does not collect facial geometry regulated by the statute.  Dkt. # 83 at 13.  At this juncture, the Court will not order that Amazon produce the source code, because the reopening or re-designation of Rule 30(b)(6) deposition will likely cover these questions.  Plaintiffs are not precluded from filing an additional motion if questions remain following this deposition.

### F.  Evidence of BIPA Compliance

Plaintiffs requested a deponent prepared to testify regarding Amazon's compliance with BIPA. Dkt. # 83–12 at 22–25.  Amazon objects.  Amazon did not prepare a deponent to testify on this topic, instead providing an affidavit.  *Id.*  The Court will not order that the Rule 30(b)(6) deposition be reopened on this topic but will preclude Amazon from offering additional evidence of BIPA compliance beyond what they have already produced in discovery.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a)

or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.").

### G.  Custodial Discovery

Plaintiffs have requested that Amazon perform a search of emails relating to Amazon's state of mind in connection with its obligations under BIPA.  Dkt. # 83–3 at 3.  Amazon objects, arguing that such custodial discovery is improper, unnecessary, unduly burdensome, and not proportional to the needs of the case.  Dkt. # 95 at 14.  Amazon also argues that many of the communications requested by Plaintiffs would be privileged.  *Id*.

The Court concludes that email communications may indeed be relevant to the question of whether Amazon intentionally or recklessly violated the statute.  *See* 740 ILCS 14/20 ("A prevailing party may recover for each violation . . . against a private entity that intentionally or recklessly violates the provisions of this Act, liquidated damages or $5,000 or actual damages, whichever is greater").  The Court agrees with Plaintiffs that a search of non-lawyer custodians' communications would be appropriate, but also acknowledges that some of these communications may be privileged.  Therefore, the Court orders Amazon to identify the non-lawyer individuals who communicated with counsel regarding BIPA compliance, search their communications for emails that relate to BIPA compliance, produce the documents, and provide a privilege log for any withheld documents.

### H.  Extending Discovery

Given the foregoing, the Court extends the deadline for the completion of fact discovery to October 30, 2023.  The Court DIRECTS the Clerk to issue a new scheduling order that reflects this new deadline as well as extensions for deadlines that follow.

1    Dated this 27th day of September, 2023.

2

3

4                                           John H. Chun
                                            United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24