UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Jacinda Dorian, Avelardo Rivera, Yasmine Romero,<br><br>Plaintiffs,<br><br>v.<br><br>Amazon Web Services Inc,<br><br>Defendant. | CASE NO. 22-cv-00269<br><br>ORDER |

This matter comes before the Court on Defendant's Motion for Clarification. Dkt. # 131. Defendant seeks clarification of Section C the Court's Order granting in part and denying in part Plaintiffs' motion to compel. Dkt. # 116.

In Section C, the Court stated that Defendant Amazon's Rekognition customer list and usage logs for those customers are "relevant to the class certification issue" but did not require Amazon to produce them. Dkt. # 116 at 3. Instead, the Court stated that it would hold Defendant to its assertion that "each Rekognition function has standard commands that operate in 'materially the same way' regardless of which [Amazon] customer uses them." *Id.* The Court then stated that Defendant would be "preclude[d ]from claiming at the class certification stage

ORDER - 1

that certain proposed class members are not similarly situated to Plaintiffs simply because they interacted with different customers." *Id.*

Defendant now seeks clarification about whether this language precludes it from arguing against class certification by presenting evidence that "many putative class members *did* receive BIPA-compliant notice and *did* provide BIPA-compliant consent." Dkt. # 131 at 4. Defendant wants to present evidence that it believes will "show dramatic variation in its customers' deployment of Rekognition, including the ways in which they provided notice to and obtained consent from their end users." *Id.*

The Court GRANTS Defendant's motion and CLARIFIES that Section C of its prior Order, Dkt. # 116, does not preclude Defendant from raising arguments regarding variations in the ways in which Recognition customers interact with end users, separate from the functionality of Amazon's Recognition software. The Court ORDERS that discovery be reopened for ninety (90) days. The Court ORDERS Amazon to produce a list of Rekognition "customers who used CompareFaces and/or IndexFaces since March 7, 2017, [and] produce any documentation in [Amazon's] possession regarding those customers' notice and consent flows." Dkt. # 138 at 16–17. The parties shall meet and confer and present new deadlines to the Court for the schedule in this case.

Dated this 31st day of January, 2024.

John H. Chun
United States District Judge