UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVELARDO RIVERA and YASMINE ROMERO, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>Defendant. | No. 2:22-CV-00269-JHC<br><br>AMAZON WEB SERVICES, INC.'S UNOPPOSED MOTION TO FILE UNDER SEAL PROTECTED MATERIAL IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SERVE FOUR ADDITIONAL INTERROGATORIES AND ORDER<br><br>NOTED ON MOTION CALENDAR: MARCH 25, 2024 |

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. INTRODUCTION

Pursuant to Local Civil Rule 5(g) and the parties' Stipulated Protective Order (Dkt. 55), defendant Amazon Web Services, Inc. ("AWS") respectfully submits this Unopposed Motion to File Under Seal protected portions of, and exhibits to, AWS's Response in Opposition to Plaintiffs' Motion for Leave to Serve Four Additional Interrogatories on Defendant ("Opposition").

AWS seeks to maintain under seal excerpts of its proprietary customer account list and written discovery submitted with AWS's Opposition that include information AWS has designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, as well as portions of AWS's Opposition that quote or refer to these documents. In particular, AWS seeks to maintain under seal unredacted versions of the following documents:

| Name of Document | Exhibit Name |
|---|---|
| Excerpts of a customer account list produced in this case bearing Bates identifier AWS_00008372 ("Partial Customer Account List") | Declaration of Nicola Menaldo ("Menaldo Decl."), Ex. C |
| AWS's Third Amended Answers and Objections to Plaintiffs' First Set of Interrogatories ("AWS's Interrogatory Responses") | Menaldo Decl. Ex. F |
| Portions of AWS's Opposition Brief ("Opposition Brief") | N/A |

These documents contain the same types of information that the Court has already concluded justify sealing. *See* Dkts. 112, 121, 169. Specifically, these documents contain information about customers that use certain Rekognition services and information about the architecture and processes underlying AWS's Rekognition service. These categories of information are confidential, proprietary, and sensitive business information that, if disclosed to the public, would cause severe competitive and other harm to AWS's Rekognition business.

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## II. CERTIFICATION PURSUANT TO LOCAL RULE 5(g)(3)(A)

Pursuant to Local Civil Rule 5(g)(3)(A), counsel for AWS, Justin Potesta and Mylan Traylor, met and conferred with counsel for plaintiffs, Schuyler Ufkes of Edelson PC and Max S. Roberts of Bursor & Fisher, P.A., via web conference on March 25, 2024, regarding the need to file the above-referenced documents under seal, ways to minimize the content to be filed under seal, and other alternatives to filing under seal. Plaintiffs do not oppose AWS's motion to seal.

## III. BACKGROUND AND SEALED MATERIALS

This case involves claims under the Illinois Biometric Information Privacy Act ("BIPA") in connection with AWS's Rekognition technology. *See* Dkt. 88. Recognizing that confidential and commercially sensitive information would likely be at issue in this case, the parties submitted an agreed Protective Order, which permits the parties to designate certain documents, testimony, and other discovery materials as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only," and the Court entered it. *See* Dkt. 55. The Protective Order provides that documents marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed, with the exception of disclosure to a limited group of individuals. *See id*. at § 5.

AWS seeks to seal portions of documents that reveal two categories of proprietary and sensitive information.

**First**, AWS seeks to seal a list of customer accounts that reflects various customers that used certain Rekognition Application Programming Interface ("API") functions. While AWS publicly discloses the names of some of its customers, it does not disclose the names of all customers, much less the precise Rekognition functions that each customer might use. Indeed, AWS keeps this information secret, including through technical controls. *See* Simmons Decl. ¶ 4. Disclosing this information could cause competitive harm to AWS. *See id*. This information is included in the Partial Customer Account List and AWS's Opposition Brief.

**Second**, AWS seeks to seal portions of documents that disclose information about the architecture and processes underlying the Rekognition service. Disclosure of this non-public

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

information would reveal how the Rekognition service, including Compare Faces and Index Faces, is structured and operates, as well as how AWS tests certain aspects of Rekognition. Simmons Decl. ¶ 5. Disclosure of this information would cause AWS significant competitive harm, as AWS competitors who gleaned insight into the non-public details of Rekognition's architecture and processes could potentially improve their own, competing services, and it could provide bad actors with information that could assist them in circumventing AWS's security measures. *Id.* This category of information is included in the AWS's Interrogatory Responses and AWS's Opposition Brief.

### IV. LEGAL STANDARD

Although "[t]here is a strong presumption of public access to the court's files," Local Civil Rule 5(g), that presumption may be overcome where, as here, the moving party has "compelling reasons" to seal a document appended to a motion, *In re Microsoft Xbox 360 Scratched Disc Litig.*, No. C07-1121-JCC, 2009 WL 481325, at *1 (W.D. Wash. Feb. 24, 2009); *Karpenski v. Am. Gen. Life Companies, LLC*, No. C12- 1569RSM, 2013 WL 3191878, at *5 (W.D. Wash. June 20, 2013) ("[A] party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate 'compelling reasons' in favor of sealing.").

Compelling reasons exist where "sealing is required to prevent judicial documents from being used as sources of business information that might harm a litigant's competitive standing." *Karpenski*, 2013 WL 3191878, at * 6 (internal quotations omitted); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *In re Microsoft XBox 360 Scratched Disc Litig.*, 2009 WL 481325, at *1 (finding "compelling reasons" to seal "confidential business information" because "these materials contain proprietary information that would cause Defendant competitive harm if disclosed"). Sealing is particularly appropriate where sealed exhibits contain "confidential

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

business information regarding ... technical specifications and other attributes" that "would cause Defendant competitive harm if disclosed." *In re Microsoft XBox 360 Scratched Disc Litig.*, 2009 WL 481325, at *1. And sealing is also appropriate where documents reveal customer names and related information. *See, e.g.*, *Silver Fern Chem., Inc. v. Lyons*, No. 2:23-CV-00775-TL, 2023 WL 4624477, at *2 (W.D. Wash. July 19, 2023) (permitting sealing of "customer identities and their associated needs and transactions"); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (permitting redaction of "specific customer names").

## V.     ARGUMENT

Compelling reasons exist to maintain under seal the confidential and proprietary information contained in the documents described above. As referenced above, AWS does not publicly disclose the relevant information regarding its customers or Rekognition's underlying architecture and processes. Indeed, AWS takes extensive measures to keep this information secret, which include limiting employee access to much of this information via technical and other controls.

Public disclosure of this information could cause significant harm to AWS in a variety of ways. Allowing the public access to information about AWS's customers that use certain services and functionalities could "harm [AWS's] competitive standing." *Continental Auto. Sys., Inc. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (citation omitted); *see, e.g.*, *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016); *see also* Simmons Decl. ¶¶ 4-5. Disclosure of technical information about Rekognition's design and operation would cause AWS significant competitive harm, as AWS competitors who gleaned insight into the non-public details of Rekognition's architecture and processes could potentially improve their own, competing services, and it could provide bad actors with information that could assist them in circumventing AWS's security measures. Simmons Decl. ¶ 5.

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

AWS has sought to minimize the amount of material to be sealed in its Opposition and supporting materials, and less restrictive means are not available. While some documents are entirely confidential, AWS has, where appropriate, sought only to redact material that reflects proprietary and commercially sensitive information, which goes beyond what would aid the public in understanding the parties' positions and the judicial process. *See Coloplast A/S v. Generic Med. Devices, Inc*., No. 10-0227, 2012 WL 3629037, at *1–2 (W.D. Wash. Aug. 22, 2012) (granting a motion to seal a motion, provided that the party submit a version that redacts any portion referencing the confidential exhibits); *see generally Richardson v. Mylan, Inc*., No. 09-CV-1041-JM (WVG), 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011) (finding sealable information of comparatively little value to the general public in terms of enhancing its understanding of the judicial process).

Furthermore, this information provides little-to-no value in terms of aiding the public in understanding the parties' positions on the Motion for Leave and the judicial process in this case. No other public interest reasons justify disclosure of this information. For example, the information does not affect public health and safety and does not concern any public entities or officials. The confidential information concerns only business and technical information that would cause competitive harm to AWS if it was made public. *See* Simmons Decl. ¶ 4-5.

## VI.   CONCLUSION

For the foregoing reasons, AWS respectfully requests an order allowing it to file under seal unredacted versions of the documents described above.

I certify that this memorandum contains 1,485 words, in compliance with the Local Civil Rules

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| | | | |
|---|---|---|---|
| 1 | | | |
| 2 | Dated: March 25, 2024 | By: | /s/ Ryan Spear |
| 3 | | | Ryan Spear, Bar No. 39974 |
| | | | **Perkins Coie LLP** |
| 4 | | | 1201 Third Avenue, Suite 4900 |
| 5 | | | Seattle, Washington 98101-3099 |
| | | | Telephone: +1.206.359.8000 |
| 6 | | | Facsimile: +1.206.359.9000 |
| | | | RSpear@perkinscoie.com |

MOTION TO FILE UNDER SEAL
(NO. 2:22-CV-00269-JHC) - 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# ORDER

Having reviewed the Defendant's Motion to Seal, the Court GRANTS the Motion (Dkt. # 172) and ORDERS that the unredacted copies of the following documents be maintained under seal:

| Name of Document | Exhibit Name |
|---|---|
| Excerpts of a customer account list produced in this case bearing Bates identifier AWS_00008372 ("Partial Customer Account List") | Declaration of Nicola Menaldo ("Menaldo Decl."), Ex. C |
| AWS's Third Amended Answers and Objections to Plaintiffs' First Set of Interrogatories ("AWS's Interrogatory Responses") | Menaldo Decl. Ex. F |
| Portions of AWS's Opposition Brief ("Opposition Brief") | N/A |

IT IS SO ORDERED.

Dated: March 26, 2024

By: *John H. Chun*
John H. Chun
United States District Judge