1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AVELARDO RIVERA and YASMINE
ROMERO, individually, and on behalf of all
others similarly situated,

Plaintiffs,

v.

AMAZON WEB SERVICES, INC.,
a Delaware corporation,

Defendant.

No. 2:22-CV-00269-JHC

STIPULATED MOTION AND
ORDER MODIFYING DEADLINES

NOTE ON MOTION CALENDAR:
JULY 25, 2024

15

16

17

18

19

20

21

22

23

24

25

26

Pursuant to Local Civil Rules 7(d)(1) and 10(g), defendant Amazon Web Services, Inc.

("AWS") and Plaintiffs Avelardo Rivera and Yasmine Romero ("Plaintiffs") (collectively, the

"Parties"), jointly move the Court for a modification and extension of the current discovery and

class certification deadlines. In support of this stipulated motion, the Parties state as follows:

1.      On April 23, 2024, the Parties filed a Joint Status Report, including proposed

deadlines for expert discovery and class certification briefing, which the Court adopted. *See*

Dkts. 196, 199.

2.      On May 15, the Parties filed a Stipulated Motion and [Proposed] Order for

Extension of Fact Discovery Deadlines, which the Court granted. *See* Dkts. 200, 201.

3.      Accordingly, fact discovery as between the Parties closed on June 17, while fact

discovery as to third parties is scheduled to close on August 1.

1   4.   With respect to third-party fact discovery, AWS identified tens of thousands of

2   AWS Rekognition customers through its discovery responses and document productions. *See,*

3   *e.g.*, AWS_00009345, AWS_00009868, AWS_00009869. Plaintiffs served third-party discovery

4   requests seeking information from several of those AWS customers.

5   5.   Plaintiffs informed AWS and the Court that they may seek to modify the current

6   proposed class definition based on information obtained during the ongoing third-party fact

7   discovery period. *See, e.g.*, Dkt. 187 at 4 n.2 ("Based on Plaintiffs' investigation, Plaintiffs may

8   [re]define the class as Illinois end users of only certain AWS customers: ProctorU and large

9   customers who likely (if not certainly) have Illinois end users."); *compare* Dkt. 88 ¶ 52 (Second

10  Amended Complaint defining the proposed class as "[a]ll Illinois residents who had their

11  biometric information or biometric identifiers collected, captured, received, possessed, or

12  otherwise obtained by Amazon's Rekognition service and stored in AWS's servers").

13  6.   On May 17, AWS served written discovery requests on Plaintiffs. Among other

14  things, AWS's written discovery requests asked Plaintiffs to describe the modified class

15  definition or definitions that Plaintiffs may or will propose in this matter.

16  7.   On June 17, Plaintiffs served their responses and objections to AWS's discovery

17  requests. In those responses and objections, Plaintiffs stated they are not yet able to describe the

18  modified class definition or definitions they may or will propose because third-party fact

19  discovery is ongoing and that discovery may impact whether and how Plaintiffs may seek to

20  modify the class definition proposed in the Second Amended Complaint.

21  8.   On June 27, the Parties met and conferred to discuss the most efficient way to

22  proceed with discovery and class certification briefing given the procedural posture discussed

23  above. The Parties agreed that the current case schedule should be amended for two reasons,

24  both of which constitute good cause to amend the current case schedule.

25  9.   First, Plaintiffs' position is that they must complete third-party fact discovery with

26  AWS's customers before they can determine which customers' end users can appropriately be

1 included in the class. Upon completion, Plaintiffs will be able to define the class (or classes) they

2 will ask the court to certify under Rule 23.

3   10. Second, AWS's position is that it must be allowed to conduct fact and expert

4 discovery *after* Plaintiffs have identified their proposed modified class definition or definitions.

5 Otherwise, AWS would be unduly prejudiced because it would have no opportunity to conduct

6 fact and expert discovery based on the class or classes for which Plaintiffs intend to seek

7 certification. AWS has identified tens of thousands of AWS customers in discovery, but AWS

8 has no way of knowing, at this stage of the case, which end users of which AWS customers will

9 fall within the scope of Plaintiffs' proposed class or classes. For the same reason, requiring AWS

10 to conduct all fact and expert discovery in support of its class certification defenses *before*

11 Plaintiffs have identified the class or classes they will seek to certify would be wasteful and

12 inefficient.

13   11. Therefore, the Parties jointly request that the Court modify the current case

14 schedule by:

15    i. Staying all existing expert discovery deadlines.

16    ii. Staying all existing class certification briefing deadlines.

17    iii. Granting Plaintiffs leave to identify (through an amended complaint or

18     supplemental interrogatory responses), no later than August 8, the class

19     definition or definitions for which they intend to seek certification. For the

20     avoidance of doubt, if Plaintiffs decide to seek certification of a class

21     composed of end users of certain AWS Rekognition customers, then Plaintiffs

22     must identify those AWS customers.

23    iv. Granting AWS leave to conduct party and third-party fact discovery related to

24     AWS's class certification defenses and Plaintiffs' August 8 class definition or

25     definitions, and granting Plaintiffs leave to conduct third-party fact discovery

26

1          related to AWS's class certification defenses and Plaintiffs' August 8 class

2          definition or definitions.

3       v.   Ordering the Parties to file, no later than August 15, a joint stipulation

4          proposing deadlines for (i) AWS to conduct party and third-party fact

5          discovery related to AWS's class certification defenses and Plaintiffs' August

6          8 class definition or definitions, and for Plaintiffs to conduct third-party fact

7          discovery related to AWS's class certification defenses and Plaintiffs' August

8          8 class definition or definitions; (ii) the Parties to complete expert discovery

9          regarding class certification; and (iii) the Parties to complete class certification

10          briefing.

11     12.    Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified

12   only for good cause and with the judge's consent." Good cause exists here because, as described

13   above, the Parties' proposed approach accommodates Plaintiffs' need to finalize a class

14   definition or definitions after the current third-party fact discovery period ends, on one hand, and

15   AWS's need to conduct discovery in support of its class-certification defenses after learning the

16   class or classes for which Plaintiffs will seek certification, on the other hand.

17     13.    Further, the requested modification of the schedule is timely because the Court

18   has already granted the Parties leave to conduct third-party fact discovery until August 1, expert

19   discovery has not begun, and the Parties have not started class certification briefing. *See*

20   *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (requests for extensions

21   of time made before the applicable deadline has passed should normally be granted in the

22   absence of bad faith or prejudice).

23     14.    Accordingly, the Parties respectfully request that the current case schedule be

24   modified as follows:

25

26

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Parties' deadline to complete the current phase of third-party fact discovery | August 1, 2024 | August 1, 2024 (unchanged) |
| Plaintiffs' deadline to identify the class definition or definitions for which they intend to seek certification (through an amended complaint or supplemental interrogatory responses) | N/A | August 8, 2024 |
| Parties' deadline to file a joint stipulation proposing deadlines for (i) AWS to conduct party and third-party fact discovery related to AWS's class certification defenses and Plaintiffs' August 8 class definition or definitions and for Plaintiffs to conduct third-party fact discovery related to AWS's class certification defenses and Plaintiffs' August 8 class definition or definitions; (ii) the Parties to complete expert discovery regarding class certification; and (iii) the Parties to complete class certification briefing | N/A | August 15, 2024 |
| AWS's expert disclosures regarding class certification issues | September 9, 2024 | Stayed pending the Parties' joint stipulation proposing deadlines |
| Plaintiffs' rebuttal expert disclosures regarding class certification issues | November 4, 2024 | Stayed pending the Parties' joint stipulation proposing deadlines |

| Completion of expert discovery regarding class certification issues | December 9, 2024 | Stayed pending the Parties' joint stipulation proposing deadlines |
|---|---|---|
| Deadline to file *Daubert* motions regarding class certification experts | January 27, 2025 | Stayed pending the Parties' joint stipulation proposing deadlines |
| Plaintiffs' deadline to file motion for class certification | January 27, 2025 | Stayed pending the Parties' joint stipulation proposing deadlines |
| Defendant's deadline to respond to motion for class certification | March 3, 2025 | Stayed pending the Parties' joint stipulation proposing deadlines |
| Reply in support of class certification | March 24, 2025 | Stayed pending the Parties' joint stipulation proposing deadlines |
| Parties' deadline to file joint status report to propose post-class certification deadlines | Fourteen (14) days after Court's ruling on motion for class certification | Fourteen (14) days after Court's ruling on motion for class certification (unchanged) |

WHEREFORE, the Parties respectfully request that the Court enter an order modifying the current case deadlines in accordance with this Stipulated Motion.

Dated: July 25, 2024

By:  *s/ Ryan Spear*
Ryan Spear, WSBA No. 39974
RSpear@perkinscoie.com
Nicola Menaldo, WSBA No. 44459
NMenaldo@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone 206.359.8000
Facsimile 206.359.9000

Attorneys for Defendant
AMAZON WEB SERVICES, INC.

By:  *s/ Schuyler Ufkes*
J. Eli Wade-Scott (admitted *pro hac vice*)
ewadescott@edelson.com
Schuyler Ufkes (admitted *pro hac vice*)
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Attorneys for Plaintiffs
Avelardo Rivera and Yasmine Romero

**LCR 7(e) Certification**

I certify that this memorandum contains 1345 words, in compliance with the Local Civil Rules.

*s/ Ryan Spear*

1

**ORDER**

2

3
IT IS SO ORDERED.

4
DATED this 25th day of July, 2024.

5

6
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED MOTION AND
ORDER
(No. 2:22-cv-00269-JHC) – 8